Case: 1:07-cv-00759 Document #: 24 Filed: 09/05/07 Page 1 of 10 PageID #:106
Aug.24. 2007 2:52PM       Case 1:07-cv-00759-JACKSON Document 20-2     Filed 08/28/2007    Page 1 of 10    No. 6420   P. 3
                                                                                                                      2/11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE CROSTHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 0759 |
| | ) | |
| KONICA MINOLTA, | ) | Judge Ronald Guzman |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

The parties hereto having stipulated and agreed to the entry of this protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.2 of the United States District Court for the Northern District of Illinois, and the Court being advised in the premises, IT IS HEREBY ORDERED THAT:

1. The parties wish to avoid disclosure of social security numbers, personal contact information, and other private information of non-parties to this litigation so as to protect the legitimate privacy concerns of such non-parties.

2. The parties wish to protect the legitimate business concerns of Defendant and other businesses which may become involved in this litigation. Defendant has expended considerable effort and expense to compile prospecting lists and databases containing non-public information regarding prospective and current customers in the office equipment and supply industry. Plaintiff Bruce Crosthwaite and his wife currently work in the same office equipment and supply industry in which Defendant does business. Because Plaintiff and his wife compete with Defendant for the same office supply accounts, access to the lists and databases which Defendant has compiled would grant Plaintiff and/or his wife an unfair competitive advantage over Defendant. Because Defendant could suffer serious and identifiable harm if Defendant's

lists and databases regarding prospective and current customers were made available to Plaintiff or his wife, the parties have agreed to enter into this protective order.

3. This Order shall govern the handling of documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "Material") produced, given or filed during discovery, pre-trial matters and other proceedings in this action, other than any actual trial of this matter. The parties will separately address confidentiality for trial proceedings prior to trial.

4. "Confidential" information is information which, if disclosed, threatens the legitimate privacy concerns of non-parties to this litigation or the legitimate business interests of the parties to this litigation or their customers. Confidential Material includes information relating to personnel records of non-parties to the litigation (including social security numbers, home address and home telephone numbers of non-party individuals), and non-public compilations of or non-public records relating to the Company's or other business's past, present, or prospective customers or accounts.

5. Either party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" any documents, testimony or other discovery material that contains confidential information. Confidential Material, as used in this Order, shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained in such material. No designation shall be made unless the designating party or non-party believes in good faith that the designated Material is within the scope of the Material defined in paragraph 2.

6. Either party to this action, and any non-party from whom discovery is sought in connection with this action, may designate certain Confidential documents, testimony or other

discovery material with a second-level of "Attorney's Eyes Only" protection. The "Attorney's Eyes Only" designation shall be used only for documents, testimony or other discovery material that contains Confidential information which would, if disclosed to an adverse party rather than the party's attorney, allow the adverse party an unfair competitive advantage over the disclosing party. This designation should be applied only to non-public compilations of or non-public records relating to the Company's or other business's past, present, or prospective customers or accounts, subject to expansion by agreement of the parties.

7.  Material designated "Confidential" or "Attorney's Eyes Only" shall be maintained in confidence by the party to whom such Material is produced and shall not be disclosed to any person except:

   (a) the Court and its officers;

   (b) the parties (if the designation is "Confidential");

   (c) counsel, whether retained counsel or in-house counsel;

   (d) employees of counsel;

   (e) third parties engaged by counsel or the parties to assist in this litigation, provided that any such third party has signed an undertaking in the form of Exhibit A attached hereto (if the designation is "Confidential"); and

   (f) deposition witnesses and court reporters.

8.  In the event the producing party elects to produce original documents or other Material for inspection, no markings need be made by the producing party in advance of the inspection. All such documents or other Material shall be considered as marked "Confidential." After selection by the inspecting party of specified documents or Material for copying, the producing party shall make the appropriate designation at the time of production of the copies.

3

Case: 1:07-cv-00759 Document #: 24 Filed: 09/05/07 Page 4 of 10 PageID #:109

Aug. 24. 2007 2:53PM Case 1:07-cv-00759-ACKS Document 20-2 Filed 08/28/2007 Page 4 of 10 No. 6420 P. 6 / No. 4646 P. 5/11

9. Nothing herein shall prohibit either party or an interested member of the public from seeking an Order that designated Material is not entitled to "Confidential" or "Attorney's Eyes Only" treatment or that otherwise affects the treatment of the Material.

10. Testimony given at a deposition or hearing may be designated as "Confidential" or "Attorney's Eyes Only" by an appropriate statement at the time of the giving of such testimony or within ten (10) days after counsel receives the transcript of such deposition. If not designated at the time the testimony is given, testimony and transcripts in this case shall be deemed "Confidential" during this ten (10) day review period.

11. All Material, whether designated "Confidential" or "Attorney's Eyes Only" or not so designated, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within 24 hours of receipt of same.

12. At the final conclusion of this case (including exhaustion of appeals) all Material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such Material has been destroyed. At the final conclusion of this case, any confidential material filed with the Court will be handled in accordance with Local Rule 26.2(g).

13. No "Confidential" or "Attorney's Eyes Only" Material shall be filed in the public record of this action. All Material so designated that is filed with the Court shall be filed as a "Restricted Document," pursuant to Local Rule 26.2. Entire pleadings may not be filed under seal; only "Confidential" or "Attorney's Eyes Only" portions of filings with the Court shall be

4

filed as "Restricted Documents." To facilitate compliance with this Order by the Clerk's office, Material filed under the designation "Confidential" or "Attorney's Eyes Only" shall be filed under the cover of a document bearing the caption of the case and stating: "Pursuant to Court order, this is a Restricted Document. Access is to be given to court personnel and counsel of record only." A redacted version with the "Confidential" or "Attorney's Eyes Only" Material removed shall be filed in addition to the sealed, unredacted document.

14. The restrictions set forth in any of the preceding paragraphs shall not apply to information or Material that:

(a) was, is, or became public knowledge in a manner other than by violation of this Order;

(b) is acquired by the non-designating party from a third party having the right to disclose such Information or Material; or

(c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

15. This protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

AGREED TO:

BRUCE CROSTHWAITE

By: _____
His Attorney

Michael A. Johnson
Michael A. Johnson & Associates
415 North LaSalle Street, Suite 203
Chicago, Illinois 60610

KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A.

By: _____
One of Its Attorneys

Cathryn E. Albrecht
Laura K. Kendall
Jackson Lewis LLP
320 West Ohio Street, Suite 500

5

Clayton Halunen  
Halunen & Associates  
220 South Sixth Street, Suite 2000  
Minneapolis, Minnesota 55402

Chicago, Illinois 60610

SO ORDERED,

DATE: 9/5/07

ENTERED: _Ronald A. Guzman_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE CROSTHWAITE, | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C 0759 |
| KONICA MINOLTA, | ) Judge Ronald Guzman |
| | ) Magistrate Judge Ashman |
| Defendant. | ) |

## SECRECY AGREEMENT

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential" is provided to me pursuant to the terms and restrictions of the Agreed Protective Order for protection of Confidential Material entered in the above-captioned action (hereinafter "Order").

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof.

4. I submit to the jurisdiction of this Court for enforcement of the Order, provided that such jurisdiction meets minimal due process standards under the United States Constitution.

5. I agree not to use any Confidential information disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any such Confidential information to persons other than those specifically authorized by said Order, without the express written consent of the party who designated such information as being

7

Confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

6. I understand that I am to retain all documents or materials designated Confidential information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such document and materials, including all copies thereof, and any writings prepared by me containing any Confidential information are to be returned to counsel who provided me with such document and materials.

Dated:_____        By:_____

                                                         Name:_____

                                                         Company:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE CROSTHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 0759 |
| | ) | |
| KONICA MINOLTA, | ) | Judge Ronald Guzman |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## RESTRICTED SECRECY AGREEMENT

I hereby affirm that:

1. By agreement between the parties, select materials containing information designated as "Confidential" "Attorney's Eyes Only" is provided to me pursuant to Paragraph 4 of the Agreed Protective Order for protection of Confidential information, entered in the above-captioned action (hereinafter "Order").

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof.

4. I submit to the jurisdiction of this Court for enforcement of the Order, provided that such jurisdiction meets minimal due process standards under the United States Constitution.

5. I agree not to use any Confidential information disclosed to me pursuant to the Order except for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such Confidential information to persons other than those specifically authorized by said Order, without the express written

9

consent of the party who designated such information as being Confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

6. I understand that I am to retain all documents or materials designated Confidential information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential information are to be returned to counsel who provided me with such documents and materials.

7. The following materials, specifically identified by Document Production Number, transcript portions, or otherwise, are provided to me, by agreement between the parties. This list identifies the entirety of Confidential information which may be disclosed to me and which I may rightfully receive.

_____

_____

_____

(___ Check here if additional pages are needed and attached)

Dated:_____    By:_____

                                  Name:_____

                                  Title:_____

Company:_____

10